IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:18-00018-001

JAMAAL CRENSHAW

## MEMORANDUM OPINION AND ORDER

In Bluefield, on October 2, 2023, came the defendant, Jamaal Crenshaw, in person and by counsel, Emily Szopinski, Assistant Federal Public Defender; came the United States by Brian Parsons, Assistant United States Attorney; and came United States Probation Officer Kara Dills, for a hearing on the petition to modify the conditions of defendant's supervised release.

The court advised the defendant that, pursuant to Rule 32.1(c) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before the terms of his supervised release could be modified, given that the modification sought is not favorable to the defendant.  At the hearing, defendant was given an opportunity to make a statement and present any information in mitigation.

At the hearing, counsel for the government argued that the proposed modification was necessary and appropriate while defendant opposed the requested modification and argued that it was not necessary.

Pursuant to 18 U.S.C. § 3583(e)(2), after considering the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), the court may "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure . . . provisions applicable to the initial setting of the terms and conditions of post-release supervision."

The court, after considering the foregoing factors, found that the proposed additional condition of supervision is necessary to address the seriousness of the defendant's conduct while on supervision and to provide necessary heightened supervision of the defendant.  The defendant has been given numerous attempts to be forthright with the probation office regarding his whereabouts and his evasiveness is an impediment to the office's ability to meaningfully supervise him.  The proposed modification is less severe than revocation and will allow defendant to remain in the community and receive any necessary medical care, while also providing the opportunity for the more intensive supervision that is needed due to defendant's conduct as outlined in the petition. For this reason, the court **ORDERS** defendant's term of supervised release **MODIFIED** to include the following additional condition:

1. The defendant shall reside at Dismas Charities, Inc., a community corrections center in St. Albans, West Virginia, for a period of four months and abide by the rules and regulations of the facility.

After informing defendant of his right to appeal, the hearing was concluded.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 4th day of October, 2023.

ENTER:

David A. Faber
Senior United States District Judge